646 N.W.2d 178 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Larry Eugene FROHRIEP, Defendant-Appellant.
Docket No. 120532, COA No. 223755.
Supreme Court of Michigan.
June 28, 2002.
MARILYN J. KELLY, J., dissents and states as follows.
On order of the Court, the delayed application for leave to appeal from the October 12, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
I would grant defendant's application for leave to appeal.
Const. 1963, art. 1, § 11 protects citizens from unreasonable searches and seizures. It is well established that a warrant is not required to search a house if lawful consent to the search is given. People v. Borchard-Ruhland, 460 Mich. 278, 293-294, 597 N.W.2d 1 (1999). However, where there's coercion, there's no lawful consent. Id. at 294, 597 N.W.2d 1; see also People v. Farrow, 461 Mich. 202, 208, 600 N.W.2d 634 (1999).
*179 The practice of "knock and talk" is one in which the police target a house that they do not have probable cause to search, approach it and ask for permission to enter to "look around." Defendant asserts that the request for permission to search is inherently coercive and thereby violates the Michigan Constitution. This is an important issue and one of first impression.
Federal courts have found the "knock and talk" practice permissible under the federal constitution. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Davis v. United States, 328 U.S. 582, 593-594, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946); Zap v. United States, 328 U.S. 624, 630, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946). However, states disagree among themselves whether it is permissible. Some allow it but have placed significant limits on its use to lessen its coercive effect. See State v. Johnson, 68 N.J. 349, 346 A.2d 66 (1975); State v. Ferrier, 136 Wash.2d 103, 960 P.2d 927 (1998).
Where significant concerns are raised on appeal about the use of a tool of police investigation, this Court should grant leave to give the case a full hearing and a considered opinion.
I would grant leave to consider the constitutionality of the practice of "knock and talk" in Michigan.
MICHAEL F. CAVANAGH, J., would grant leave to appeal.